UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | ORDER ON RECONSIDERATION |
| | ) | |
| V. | ) | |
| | ) | |
| WESLEY BIRDHORSE | ) | CASE NO. 2:07-cr-65 |

Subsequent to this Court's issuance of an August 9, 2007 Order for Reimbursement of Travel Costs, the United States filed a response opposing the motion, and Defendant filed a reply to the government's response.  In light of the additional filings, this Court has reconsidered the motion.

**FACTS**

Wesley Birdhorse is charged, in an Indictment, with assault resulting in serious bodily injury.  The Indictment was filed July 18, 2007, and on July 30, 2007, a Summons was served, ordering Mr. Birdhorse to appear in Grand Forks on August 6, 2007 for an initial appearance and arraignment.

As is the practice in this district, prior to his scheduled appearance, the Clerk's Office contacted the Federal Public Defender about possible representation of Mr. Birdhorse.  The FPD conducted a conflicts check, and advised the Clerk's Office that he could represent Mr. Birdhorse.

On the date of the scheduled appearance, the FPD contacted the office of the undersigned.  The FPD advised that Mr. Birdhorse was

1

unable to arrange transportation from his home in Fort Totten to Grand Forks, a distance of approximately 100 miles each way. The FPD requested that the hearing be rescheduled. After conferring with the pretrial services officer, this Court granted the request, and the initial appearance and arraignment were then scheduled for August 10, 2007.

The day before the rescheduled hearing, August 9th, the FPD filed a motion seeking reimbursement of round-trip travel costs. Considering the motion to be analogous to requests for defense costs, this Court considered the motion ex parte, and issued an August 9th order for payment of one-way travel costs. After the August 9th order was issued, the United States filed a response to the motion.

Mr. Birdhorse appeared at the August 10th hearing, represented by the FPD. Mr. Birdhorse submitted a financial affidavit on August 10th, which demonstrated his indigency, and which also identified employment he had recently secured. The motion for travel costs was addressed at the hearing, and the FPD requested time to file a reply to the government's response to the motion. That request was granted, and the FPD filed a response on August 13, 2007.

## DISCUSSION

The United States raises several arguments in opposition to the motion: that the FPD was not authorized to file the motion on

Mr. Birdhorse's behalf, since the FPD had not yet been appointed to represent him; that 18 U.S.C. §4285 does not apply under the facts of this case; and that there had not been sufficient inquiry into Mr. Birdhorse's finances to determine that he was unable to travel to the appearance.

Although the FPD was not formally appointed to represent Mr. Birdhorse until August 10th, that office had acted on Mr. Birdhorse's behalf prior to that date, and had done so at the request of the Court. It is, in fact, a common practice for lawyers to contact the court concerning scheduling matters before formal appointment or notice of appearance. Pre-appearance contact often increases efficient use of court time and resources, and promotes adequate representation of persons charged with crimes. Additionally, Mr. Birdhorse's reply, filed after formal appointment of the FPD, includes a renewal of the motion.

Mr. Birdhorse seeks reimbursement for travel costs pursuant to 18 U.S.C. § 4285, which provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 [the Bail Reform Act] on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal

> to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code.  When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

The United States asserted at the hearing that section 4285 is intended to apply only to situations where a defendant resides in a district other than that in which the defendant is required to appear.  The United States cites <u>United States v. Lee</u>, 487 F.Supp. 579 (D. Wis. 1980), a case in which a district court denied a request for travel expenses on grounds the expenses resulted from a defendant's "desire to remain at his home during the pendency of these proceedings," which necessitated travel from Oregon to Wisconsin.

The government's reliance on the language of Lee is not supported by the plain language of section 4285.  That statute refers to appearances before "that court, any division of that court, or any court of the United States."  While legislative history demonstrates that concerns with inter-district travel may have been a primary motivator behind enactment of section 4285, the statutory language applies to appearances both within and outside the district in which a defendant resides.  <u>See</u>, <u>e.g.</u>, <u>United States v. Gonzales</u>, 684 F.Supp. 838, 840 (D. Vt. 1988).

Arranging for noncustodial transportation is an efficient means of securing court appearances by willing indigent defendants.  Absent that payment for noncustodial transportation, the likely

4

result is custodial transportation following issuance of a warrant, at far higher costs to the United States Marshal's Service.  See, e.g., Gonzales at 841.  However, section 4285 allows only limited payments of travel expenses to indigent defendants.  It allows only payment of one-way travel to a court appearance, and not for costs of return travel.  It allows for payment of subsistence expenses only during the course of travel, and not after a defendant has arrived at the place of appearance, even if appearance is required for an extended period of time.  See, e.g., United States v. James, 762 F.Supp. 1 (D.D.C. 1991); United States v. Badalamenti, 1986 WL 8309 (S.D.N.Y. 1986).

Since the August 9th order was issued, additional facts have become available.  Mr. Birdhorse was able to travel to Grand Forks without receiving advance payment (though travel may have been arranged in anticipation of receiving that payment), and Mr. Birdhorse has secured employment.

Given the limited circumstances in which section 4285 allows payment, and given those additional facts, this Court **REVERSES** its Order of August 9, 2007.  The motion for payment of travel costs is **DENIED**.

Dated this 17th day of August, 2007.

> /s/ Alice R. Senechal
> Alice R. Senechal
> U.S. Magistrate Judge

5